1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   ROSHAN ALAM,                                     No. C 07-02778 WHA

11          Plaintiff,

12       v.                                            **ORDER GRANTING**
                                                       **MOTION TO REMAND**
13   MICHAEL J. ASTRUE, Commissioner of                **AND SETTING CASE**
     Social Security,                                  **MANAGEMENT**
14                                                     **CONFERENCE**

15          Defendant.
                                        /
16

17                              **INTRODUCTION**

18          In this social security appeal, defendant responded to plaintiff's summary judgment

19   motion by moving for remand.  Defendant argues that remand is necessary so that another attempt

20   can be made at reconstructing the lost administrative record.  This order grants defendant's

21   motion.

22                               **STATEMENT**

23          The procedural history of this action is long and sordid.  Plaintiff was diagnosed with

24   Affective Mood Disorder and granted Supplemental Security Income in March 1997.  In April

25   2004, the Social Security Administration conducted a "continuing disability review" of plaintiff's

26   case pursuant to regulation.  Based on this review, the SSA determined that plaintiff no longer

27   was disabled and discontinued her benefits.  For the next three years, plaintiff fought this

28   determination by seeking review and appeal within the SSA.  The determination was reviewed

     and upheld by a disability hearing officer, and it was affirmed by an ALJ after an administrative

**United States District Court**
For the Northern District of California

1    hearing;  the Appeals Council denied plaintiff's request for further review.  During the course of

2    these administrative proceedings, conflicting findings were made as to whether plaintiff had

3    engaged in fraud, but no finding was made that plaintiff remained eligible for disability income.

4           Having exhausted her administrative remedies, plaintiff filed a complaint in this district

5    court in May 2007.  Five months later, however, the parties stipulated to an order remanding the

6    action for further administrative proceedings.  The administrative file — including the final

7    decision that was to be reviewed by the district court — had been lost.  On remand, the record

8    was partially reconstructed, and an ALJ issued a new final decision based on the partially-

9    reconstructed record.  This decision once again found that plaintiff's disability had ended in April

10   2004 and had not returned.  In September 2010, more than three years after the district court

11   complaint was filed, defendant filed an answer.  Plaintiff moved for summary judgment two

12   months later, and defendant responded by filing the instant motion to remand for yet another

13   round of administrative proceedings.  Plaintiff was invited to file an opposition to this motion,

14   and plaintiff timely did so.  Based on review of the papers, a more detailed description of

15   defendant's proposed remand plan was requested.  Defendant timely filed this supplemental

16   information.

17                                              **ANALYSIS**

18          When a social security appeal is filed in district court, the court "shall have power to

19   enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

20   reversing the decision of the Commissioner of Social Security, with or without remanding the

21   cause for a rehearing."  42 U.S.C. 405(g).  At this procedural juncture, remand is again the correct

22   course.

23          When assessing whether a disability beneficiary is still disabled, the SSA considers

24   whether the beneficiary's medical condition has improved.  In order to do so, a comparison is

25   made between the beneficiary's current medical condition and the beneficiary's condition as

26   reported in the most recent medical decision finding that the beneficiary was disabled.

27   20 C.F.R. 416.994(b)(1)(vii).  Here, the most recent medical decision finding plaintiff to be

28   disabled (and, indeed, the *only* medical decision that ever made that finding) was the original

1    March 1997 evaluation that plaintiff relied on to acquire social security disability payments in the

2    first place.  That medical evaluation is not present in the partially-reconstructed record.

3         Without the March 1997 medical evaluation, no comparison can be made between

4    plaintiff's condition at the time she began receiving benefits and her condition at any subsequent

5    time.  Therefore, no decision regarding plaintiff's continuing eligibility for benefits can properly

6    be made or reviewed on the current record.  Even the Commissioner admits that the most recent

7    ALJ decision, which was based on the partially-reconstructed record, was a procedural misstep

8    (Br. 3).  The appropriate course from here is to take one procedural step back and make another

9    attempt at more fully reconstructing the record.  Once the March 1997 medical evaluation (and

10   any other vital portions of the record) are recovered or declared unrecoverable, a procedurally

11   proper ALJ decision can be made, comparing plaintiff's March 1997 condition with her condition

12   at subsequent dates.  If unsatisfactory to plaintiff, this new decision then would be ripe for review

13   through administrative remedies and, ultimately, on appeal to this court.

14        Plaintiff bemoans the many years her action has been pending in the administrative and

15   district-court systems.  This order is not unsympathetic to the trial plaintiff's patience has

16   undergone over the course of these years.  The fact that the opportunity for a swift resolution has

17   passed, however, is not cause to abandon all remaining opportunity for a procedurally correct

18   resolution.  Defendant, who possesses the most direct information regarding how the record was

19   partially reconstructed on the first remand, represents that another attempt at obtaining more of

20   the prior records may be successful.  Plaintiff rightly notes that an exhaustive search for records

21   should have been made during the first attempt at reconstruction, but a more pressing concern is

22   the need to ensure that vital portions of the administrative record are reconstructed fully, or as

23   fully as possible, before proceeding to base decisions and appeals upon the reconstructed record.

24   Specific and concerted efforts to recover the March 1997 medical evaluation and its supporting

25   evidence must now be made.

26                                              **CONCLUSION**

27        Defendant's motion to remand is **GRANTED**.  The clerk shall return the administrative

28   record to the Social Security Administration.  The procedures set forth in defendant's February 7

filing (Dkt. No. 32) shall be carried out without delay.  Because defendant refused to provide the

requested estimate of the anticipated time frame for completion of these procedures, this order

finds that nine months should be reasonably sufficient.  The parties shall report on the remand at a

case management conference at **11:00 A.M. ON THURSDAY, NOVEMBER 3, 2011**.


        **IT IS SO ORDERED.**


Dated:  February 8, 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4