IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROSHAN ALAM,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
                              /

No. C 07-02778 WHA

**ORDER CLARIFYING REMAND ORDER**

On February 8, this action was remanded to the Social Security Administration for further proceedings. Defendant now seeks clarification whether this remand was pursuant to sentence four or sentence six of the governing statute, 42 U.S.C. 405(g). Sentence four states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Sentence six states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown *before the Commissioner files the Commissioner's answer*, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. 405(g) (emphasis added). The primary difference between these two types of remands is that under sentence four, the district court terminates its review jurisdiction by entering judgment on the appealed decision, whereas under sentence six, the district court retains jurisdiction and does not enter judgment. *Melkonyan v. Sullivan*, 501 U.S. 89, 97–103 (1991). Any remand under section 405(g) must fall within one of these two categories. *Id.* at 97–98.

In this action, the commissioner filed his answer on September 10, 2010 — five months before the remand order was entered. Because the commissioner already had filed his answer, the February 8 remand could not derive authority from sentence six. The remand therefore must be pursuant to sentence four. Accordingly, the decision that was the subject of this appeal is hereby **REVERSED** on the basis of the defects identified in the remand order (Dkt. No. 33). Judgment will be entered accordingly, and jurisdiction will be terminated. The case management conference set for November 3, 2011 is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 10, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2