IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSHAN ALAM, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | No. C 07-02778 WHA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

## INTRODUCTION

In this social security appeal, plaintiff Roshan Alam moves for an award of attorney's fees and expenses under the Equal Access to Justice Act. For the following reasons, plaintiff's motion is **GRANTED IN PART WITH RESPECT TO $5,182.66** of attorney's fees and expenses and **DENIED IN PART** with respect to the remainder of plaintiff's request.

## STATEMENT

Plaintiff Roshan Alam was diagnosed with affective mood disorder in 1997 and was granted Supplemental Security Income in March of that year. In October 2005, following a "continuing disability review," the Social Security Administration discontinued her benefits as of April 2004. Plaintiff exhausted her administrative appeals and filed the instant action in May 2007, seeking review of the SSA's discontinuation of her benefits. In October 2007, the parties stipulated and the Court ordered that the action should be remanded to the Administrative

Law Judge for further findings, because the entire administrative record, including the ALJ's order, had been lost. On remand, the ALJ partially reconstructed the record and again issued a decision discontinuing plaintiff's benefits as of April 2004.

The government filed an answer in December 2010, more than three years after the complaint was filed. Plaintiff moved for summary judgment. The government moved to remand again for yet additional proceedings to further reconstruct the lost administrative record. The undersigned granted the government's motion in February 2011, reversing the ALJ's decision and remanding the action for more record reconstruction and administrative proceedings. Judgment was entered concurrently for plaintiff. In June 2011, plaintiff filed the instant motion for attorney's fees, which has been fully briefed. Plaintiff seeks $5,812.88 in attorney's fees under the Equal Access to Justice Act, 28 U.S.C. 2412(d).

## ANALYSIS

### 1. POSSIBILITY OF FEE AND EXPENSE AWARD UNDER THE EAJA.

The EAJA provides in pertinent part that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought . . . against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. 2412(d)(1)(A). In order for a fee award to be granted, (1) a party must "prevail" in a civil action, and (2) the government's position in the action, including the underlying administrative proceedings, must have been "not substantially justified."

A party "prevails" for the purposes of the EAJA if the denial of its benefits is reversed and remanded, regardless of whether benefits ultimately are awarded. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The government bears the burden of proving that its conduct was substantially justified. Our court of appeals has held that this standard is one of reasonableness, and the government must establish that its conduct "had a reasonable basis both in law and fact." *See Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

### A. Whether Plaintiff Prevailed in a Civil Action.

In February 2011, this action was remanded to the ALJ for further reconstruction of the lost record (Dkt. No. 33). After a request for clarification by the government, the order was clarified in March 2011, reversing the ALJ's most recent denial of benefits (Dkt. No. 35). Because plaintiff secured a reversal of the ALJ's order and a remand of the action, plaintiff "prevailed" in a civil action for purposes of the EAJA. *Gutierrez*, 274 F.3d at 1257.

### B. Whether the Government's Conduct Was Substantially Justified.

The government bears the burden of proving that its conduct, both in the proceedings before the ALJ underlying this action, and in this action itself, were substantially justified. The government has failed to carry this burden. Plaintiff argues that the government took inconsistent positions with respect to the sufficiency of the administrative record upon which the ALJ based its most recent denial and that this makes the government's position "not substantially justified" (Br. 3–4).

The government has not presented any evidence or argument that its position was substantially justified. The government made no mention of plaintiff's contention that its position was not substantially justified in its opposition to the instant motion, arguing only that plaintiff's fee calculations are too high. The government has conceded this argument to plaintiff in addition to having failed to carry its positive burden. This order therefore finds that the government's position was not substantially justified for purposes of the EAJA. Fees and costs may therefore be awarded to plaintiff. The parties, however, disagree on the proper amount for such an award.

### 2. CALCULATING THE PROPER FEE AWARD.

Fees awarded pursuant to the EAJA must be reasonable. The party requesting the fee award bears the burden of proving that its request is reasonable. Any task that would not be billed to a client may not be billed to an adversary under the EAJA. "Excessive, redundant, or otherwise unnecessary" hours must be excluded. *See Hensley v. Ekerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (applying *Hensley* to the EAJA). Clerical tasks, even when performed by an attorney or paralegal, may not be billed to an adversary. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Any fees awarded pursuant to the

3

1  EAJA must be paid to the plaintiff, not to the plaintiff's attorney. *Astrue v. Ratliff*,
2  130 S. Ct. 2521, 2527–28 (2010).

3      This order finds that plaintiff's attorney has included some clerical tasks in his
4  calculations. This order notes that plaintiff's attorney has written his time entries in such a way
5  that certain clerical tasks cannot be easily extracted from the total hours spent on a group of tasks.
6  This order therefore divides the total hours of such entries by the number of tasks listed and
7  subtracts one fraction per clerical task. This order determines whether a task is clerical or not
8  from the attorney's description and any explanation in the briefs. The following table lists *only*
9  those time entries that are modified; unchanged entries are not listed.

**Time Entries for which Fees Will Not Be Awarded, in Whole or in Part**

| Date | Plaintiff's Attorney's Entry (Br. 5–6) | Reason Fees Denied | New Hours Calculation |
|---|---|---|---|
| 04/15/2008 | send exhibits, other docs to appeals council | Sending documents is a clerical. | 0.0 |
| 05/15/2009 | tel from Rose-Chavez re notice of new hrg; update file status [] Faxes to Rose-Chavez | Phone calls about new hearings are clerical. Updating file status is clerical. Faxing, as plaintiff's attorney described it, is not clerical. | 0.43 (1.3 / 3 = 0.43) |
| 09/13/2010 | receive transcript, answer, eval completeness, legibility, etc; calendar motion, Email to Rose-Chavez; Consider consent mag judge | Receiving a transcript and answer are clerical. Calendaring a motion is clerical. The remaining tasks are not clerical. | 0.9 (1.5 / 5 = 0.3; 0.3 * 3 = 0.9) |
| 10/12/2010 | update status, check cf. New sched order; now "WHA" | Updating and checking case status are clerical. | 0.0 |
| 01/12/2011 | check def's dl on oppo, finish emt Leo M. | Checking a docket list is clerical. | 0.7 (1.4 / 2 = 0.7) |
| 01/12/2011 | receive def's xmo, calendar response | Receiving documents and calendaring pleadings are clerical. | 0.0 |

4

| | | | |
|---|---|---|---|
| 01/13/2011 | receive ct order (as osc) from WHA re sched for reply, re-calendar dl, work | Receiving documents and calendaring pleadings are clerical. "Work" is potentially not clerical. | 0.2 (0.6 / 3 = 0.2) |
| 03/11/2011 | receive order | Receiving documents is clerical. | 0.0 |
| 03/31/2011 | update status; eval order, jmt; calendar appeal, post-remand; emt Rose-Chavez | Updating status and calendaring are clerical. | 0.35 (0.7 / 4 = 0.175; 0.175 * 2 = 0.35) |
| 04/01/2011 | update status, receive email from Rose-Chavez, return email; receive def's subst atty, review order revision | Updating status is clerical. | 0.06 (0.1 / 3 = 0.03; 0.03 * 2 = 0.06) |

This order finds that two hours to prepare billing records for the instant motion is reasonable, regardless of the content of the motion in comparison to those plaintiff's attorney has filed in other actions. This order further finds that five hours spent opposing remand was reasonable when plaintiff did so, because it would have been advantageous to plaintiff to have the ALJ's order reversed. Finally, this order finds the time spent preparing the instant motion to be compensable and reasonable. This order will therefore add 2.5 hours of time to the total at 2010/2011 rates.

*        *        *

The total fee award, as adjusted, is as follows:

| Year | Rate | New Total |
|---|---|---|
| 2007 | $166.46 / hour | $166.46 (unchanged) |
| 2008 | $172.85 / hour | 1.5 * $172.85 = $259.28 |
| 2009 | $172.24 / hour | 0.43 * $172.24 = $74.06 |
| 2010 | $175.06 / hour | 12.6 * $175.06 = $2,205.76 |
| 2011 | $175.06 / hour (no rate published yet) | 11.65 * $175.06 = $2,039.45 |
| 2011 (EAJA motion) | $175.06 / hour | + $437.65 |
| Total | | $5,182.66 |

5

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is **GRANTED IN PART WITH RESPECT TO $5,182.66** of attorney's fees and expenses and **DENIED IN PART** with respect to the remainder of plaintiff's request. Defendant shall pay the award amount directly to plaintiff.

**IT IS SO ORDERED.**

Dated: July 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE